**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN THE MATTER OF: ) | BK. NO. 19-80295 | |
| Thomas Owen Brown ) | (Chapter 13) | |
| Tammy Ann Brown ) | | |
| ) | **CHAPTER 13 PLAN** | |
| ) | **AND** | |
| DEBTOR(S) ) | **NOTICE OF RESISTANCE DEADLINE** | |

**NOTICE TO CREDITORS AND DEBTORS**

The Bankruptcy Court for the District of Nebraska enacts this Local Form Chapter 13 Plan [hereinafter "plan"] under the provisions contained in Rule 3015.1 of the Federal Rules of Bankruptcy Procedure. This form plan shall be used for all Chapter 13 plans filed on or after the effective date of Rule 3015.1.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to this plan no later than the date designated in the attached Notice of Resistance Deadline. The Bankruptcy Court may confirm or approve this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

**You must file a timely proof of claim in order to be paid under this plan.**

In this District, the amount set forth in the claim controls the amount to be paid to a creditor. The value of the collateral set forth in the claim controls the amount to be paid subject to the right of the debtor to object to the claim amount and/or the valuation of the collateral in the claim. Avoidance of security interests or liens must be done by motion or adversary proceeding as appropriate. Interest is paid to secured creditors in the amount and from the date specified in the plan.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would limit the amount of a secured claim or the value of collateral. The Debtor acknowledges that such limit on the amount of the claim or the value of the collateral shall be raised by objection to the claim.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would avoid a security interest or lien. The Debtor acknowledges that avoidance of a security interest or lien or the stripping of a lien shall be raised by motion or adversary proceeding as appropriate.

This plan requires that all nonstandard provisions be set forth in PART 11 of the plan and use of PART 11 must be identified by checking the box below.

**DEBTORS MUST CHECK ONE BOX BELOW TO STATE WHETHER NONSTANDARD PROVISIONS ARE OR ARE NOT CONTAINED IN PART 11 OF THIS PLAN. IF THE BOX IS CHECKED AS "NOT INCLUDED" OR IF BOTH BOXES ARE CHECKED, THE PROVISIONS CONTAINED IN PART 11 WILL BE INEFFECTIVE.**

| Nonstandard provisions, set out in PART 11 | ☐ Included | ☒ Not Included |
|---|---|---|

**PART 1.    PAYMENTS**

The Debtor or Debtors (hereinafter called "Debtor") submits to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount (include any previous payments) | B. Number of Payments | Base Amount (A X B) |
|---|---|---|
| $1,100.00 | 60 | $66,000.00 |

Total Plan Base Amount:  $66,000.00

The payment shall be withheld from the Debtor's paycheck:    Yes ☒    No ☐

Employee's name from whose check the payment is deducted:    Thomas Owen Brown

Employer's name, address, city, state, phone:    Olson Motor Lines PO Box 658 Gretna NE 68028-0000

Debtor is paid:    Monthly ☐    Twice Monthly ☐    Weekly ☒    Biweekly ☐    Other ☐ _____

This plan cures any arrearage in payments to the Chapter 13 Trustee under any prior plan in this case.

| Debtor | Thomas Owen Brown | Case number | 19-80295 |
|---|---|---|---|
| | Tammy Ann Brown | | |

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THE EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THE EMPLOYER DEDUCTION BEGINS.**

**PART 2.       ORDER OF PAYMENT OF CLAIMS**

Applicable Trustee fees shall be deducted pursuant to 28 U.S.C. § 586(e). Claims shall be paid in the following order; and, unless otherwise provided, claims within each class shall be paid pro rata:

1. Pre-confirmation payments for adequate protection or leases of personal property;

2. Minimum monthly payments to secured creditors listed in PART 6 of this plan, minimum arrearage payments and regular executory contract payments due on Executory Contracts and Leases in PART 7 of this plan, and minimum monthly payments on arrearages on 11 U.S.C. § 507(a)(1)(A) priority domestic support claims in PART 5(B) of this plan **[NOTE: IF THERE ARE NO MINIMUM ARREARAGE PAYMENTS OR REGULAR EXECUTORY CONTRACT PAYMENTS DESIGNATED IN THE PLAN, THOSE MONIES WILL BE DISTRIBUTED UNDER # 3 ON ATTORNEY FEES];**

3. The Debtor's attorney's fees and costs as approved by the Court **[NOTE: DEBTOR'S COUNSEL SHOULD NOT DESIGNATE A PER MONTH PAYMENT FOR ATTORNEY FEES. UNDER THIS ORDER OF PAYMENTS ALL FUNDS WILL BE CODED FOR ATTORNEY FEES AFTER THE BEFORE DISCUSSED MINIMUM MONTHLY PAYMENTS AND EXECUTORY CONTRACT PAYMENTS];**

4. After payments of the previously listed amounts in (1) through (3) above, additional funds will be distributed prorata to secured claims in **PART 6**, arrearages on Executory Contracts and Leases in **PART 7** of this plan and domestic support claims under 11 U.S.C. § 507(a)(1)(A) in **PART 5(B)** of this plan;

5. Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 Trustee compensation allowed under 11 U.S.C. § 1326(b)(3);

6. Other priority claims in the order specified in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C. § 1305;

7. Payments on co-signed unsecured claims listed in PART 8 of this plan;

8. General Unsecured Claims.

**PART 3.       §1326(A) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS & LEASE PAYMENTS**

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will **immediately** commence plan payments to the Trustee. Creditors must file a timely proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in **PARTS 6** and **7** of this plan.

| Creditor's Names and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| 1. Pentagon Federal Credit Union Attn: Bankruptcy Po Box 1432 Alexandria, VA 22313 | 0956 | | $150.00 |

**PART 4.       ADMINISTRATIVE CLAIMS**

Trustee fees shall be deducted from each payment received by the Trustee.

**Neb. R. Bankr. P. 2016-1(A)(4)** and **Appendix "K"** provide for the maximum allowance of Chapter 13 attorney fees and expenses [Standard Allowable Amount "SAA"] which may be included in a Chapter 13 Plan. Additional fees or costs in excess of this amount must be approved through the "ALC" Fees process or a separate fee application. Fees and costs requested for allowance are as follows:

| "SAA" Fees Requested | Fees Received Prior to Filing | Balance of "SAA" Fees to Be Paid in Plan |
|---|---|---|

| Debtor | Thomas Owen Brown Tammy Ann Brown | | Case number | 19-80295 |
|---|---|---|---|---|

| $4,000.00 | $57.00 | $3,943.00 |
|---|---|---|
| "SAA" Costs Requested | Costs Received Prior to Filing | Balance of "SAA" Costs to Be Paid in Plan |
| $200.00 | $0.00 | $200.00 |

**PART 5      PRIORITY CLAIMS**

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

**A. Domestic Support Obligations**

1) ☐ None. *If "None" is checked, the rest of § 5(A) need not be completed or reproduced*
2) Name of Debtor who owes Domestic Support Obligation __Thomas Brown__
3) The Debtor is required to pay all post-petition Domestic Support Obligations directly to the holder of the claim and not through the Chapter 13 Plan.
4) Name(s), address(es), and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14A):

| Name of Creditor | Address, City, State, Zip Code | Telephone Number |
|---|---|---|
| 1) Jennifer feigel | 1513 Fruitland Dr. Chattanooga, TN 37412 | |
| 2) Macayla Budin | 3715 Harrison #221 Bellevue, NE 68147 | |
| 3) Nebraska Department of Health & Human Se Attn: Bankruptcy | Po Box 95026 Lincoln NE 68509-000 | |
| 4) Tennessee Child Support Department of Human Services | 400 Deadrick Street Nashville TN 37243-0000 | |

**B. Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**

1) ☒ None. *If "None" is checked, the rest of § 5(B) need not be completed or reproduced.*

**C. Domestic Support Obligations Assigned To Or Owed To A Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**

1) ☒ None. *If "None" is checked, the rest of § 5(C) need not be completed or reproduced.*

**D. Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**

1) ☐ None. *If "None" is checked, the rest of § 5(D) need not be completed or reproduced.*
2) Name of Creditor, estimated arrearage claim, and any special payment provisions:

| Federal: $7,302.19 | State: $ | Total: $7,302.19 |
|---|---|---|

**E. Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3)**

1) ☒ None. *If "None" is checked, the rest of § 5(E) need not be completed or reproduced.*

**F. Other Priority Claims:** Provisions for treatment in Part 11 of plan.

**PART 6.      SECURED CLAIMS**

**A. Home Mortgage Claims**
**(including claims secured by real property which the debtor intends to retain)**

1) ☒ None. *If "None" is checked, the rest of § 6(A) need not be completed or reproduced.*

| Debtor | Thomas Owen Brown | Case number | 19-80295 |
|---|---|---|---|
| | Tammy Ann Brown | | |

**B. Post-Confirmation Payments to Creditors Secured by Personal Property.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2):

**1) Secured Claims to which § 506 Valuation is NOT applicable:**

    a. ☐ None. *If "None" is checked, the rest of § 6(B)(1) need not be completed or reproduced.*

    b. Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy **OR** debts secured by a purchase money security interest in "any other thing of value," incurred within one year prior to filing of the bankruptcy. These claims will be paid in full with interest as provided below. Unless otherwise ordered by the Court, the claim amount stated on a proof of claim or amended proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below.

| Name of Creditor | Property Description | Estimated Claim Amount | Pre-confirmation Interest Rate & Dollar Amount Limit, If Any | Post-confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| 1. Pentagon Federal Credit Union | 2017 Chevrolet Trax LS 14,000+ miles | $25,293.00 | 0.00% $0.00 | 7.25% | $150.00 | $28,755.19 |

**2) Secured Claims to which § 506 Valuation is applicable:**

    a. ☐ None. *If "None" is checked, the rest of § 6(B)(2) need not be completed or reproduced.*

    b. Claims listed in this subsection are debts secured by personal property <u>not</u> described in the prior paragraph of this plan, 6(B)(1)(b). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. In this District, the value of the secured property is determined by the proof of claim, subject to the right of the Debtor to object to such valuation.

| Name of Creditor | Property Description | Estimated Value of Security or Amount Owed (use lowest amount) | Pre-confirmation Interest Rate & Dollar Amount Limit, if any | Post-confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| 1. Sterling Jewelers/Kay Jewelers | Wedding rings and costume jewelry | $842.00 | 0.00% $0.00 | 0.00% | | $842.00 |

**C. Surrender of Property**

    1) ☒ None. *If "None" is checked, the rest of § 6(C) need not be completed or reproduced.*

**D. Lien Avoidance and Lien Stripping**

    1) ☒ None. *If "None" is checked, the rest of § 6(D) need not be completed or reproduced.*

**PART 7.    EXECUTORY CONTRACTS/LEASES**

    **A.** The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be included in the Chapter 13 plan. All other executory contracts and unexpired leases are rejected. Any pre-petition arrearage will be cured in monthly payments as noted below:

    **B.** Check One

    1) ☒ None. *If "None" is checked, the rest of § Part 7 need not be completed or reproduced.*

**PART 8.    CO-SIGNED UNSECURED DEBTS**

    **A.** ☒ None. *If "None" is checked, the rest of § Part 8 need not be completed or reproduced.*

**PART 9.    UNSECURED CLAIMS**

    **A.** Allowed unsecured claims shall be paid pro rata from all remaining funds.

| Debtor | Thomas Owen Brown | Case number | 19-80295 |
|---|---|---|---|
|  | Tammy Ann Brown |  |  |

**PART 10.**    **ADDITIONAL PROVISIONS**

    **A.** If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

    **B.** Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have the sole right to use and possession of property of the estate during the pendency of this case.

    **C.** In order to obtain distributions under the plan, a creditor must file a proof of claim no later than 70 days after the filing of the petition except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

    **D.** Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

    **E.** After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings. Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that is a creditor and all creditors scheduled as secured or priority creditors. Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in interest pursuant to Neb. R. Bankr. P. 9013-1(E)(1). **Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.**

**PART 11.**    **NONSTANDARD PROVISIONS**

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this Local Form Plan or deviating from it. **Nonstandard provisions set out elsewhere in this plan are ineffective and void.**

The following plan provisions will be effective only if there is a check in the box "included" at the end of the opening **Notice to Creditors and Debtors** of this plan.

---

**NOTICE OF RESISTANCE DEADLINE**

**ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE:**

## 04/16/2019

**IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.**

**CERTIFICATE OF SERVICE**

On __March 13, 2019__, the undersigned mailed a copy of this plan to all creditors, parties in interest and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following: Kathleen A. Laughlin, Standing Chapter 13 Trustee District of Nebraska

Dated:    March 13, 2019    Debtor(s)

    By:   /s/ Jessie C. Polson
    Jessie C. Polson #23646
    3006 South 87th Street
    Omaha, NE 68124
    (402) 614-7171
    (402) 939-0960
    jessie.polson@SamTurcoLawOffices.com

| Debtor | Thomas Owen Brown | Case number | 19-80295 |
|---|---|---|---|
|  | Tammy Ann Brown |  |  |

By filing this document, the Attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies) that wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard provisions included in **PART 11** of this plan.

Thomas Owen Brown
1221 S. 122nd Plaza #121
Omaha, NE 68144

Tammy Ann Brown
1221 S. 122nd Plaza #121
Omaha, NE 68144

Aaron's Sales   Lease
Attn: Bankruptcy
Po Box 100039
Kennesaw, GA 30156

Acceptance Now
Attn: Acceptancenow Customer Service / B
5501 Headquarters Dr
Plano, TX 75024

Advance America
3327 L Street
Omaha, NE 68107

AmeriCredit/GM Financial
Po Box 181145
Arlington, TX 76096

AmeriCredit/GM Financial
Attn: Bankruptcy
Po Box 183853
Arlington, TX 76096

Asc/saf
2100 16th Ave. So
Great Falls, MT 59405

Berlin-Wheeler Inc.
Attn: Bankruptcy
Po Box 479
Topeka, KS 66601

Cap1/Justice
Capital One Retail Srvs/Attn: Bankruptcy
Po Box 30258
Salt Lake City, UT 84130

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

CDL Training Service of Missouri
c/o Dennis Lee
2433 S. 130th Circle, Ste. 300
Omaha, NE 68144

Central Credit Services
PO Box 390916
Minneapolis, MN 55439

Check 'n Go
9517 Q Street
Omaha, NE 68127

CHI Health
7753 Solution Ctr.
Chicago, IL 60677

CHI Health Business Office
2301 North 117th Ave., Suite 100
Omaha, NE 68164

Childrens Hospital   Medical Center
PO Box 952806
Saint Louis, MO 63195-2806

Citicards Cbna
Citi Bank
Po Box 6077
Sioux Falls, SD 57117

Cnac
5500 L Street
Omaha, NE 68117

Comenity Bank/Gordmans
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Comenity Bank/Torrid
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Comenity Bank/Victoria Secret
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Comenity Capital Bank/HSN
Attn:  Bankruptcy Dept
Po Box 182125
Columbus, OH 43218

Comenitycapital/Big Lot
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218

| Debtor | Thomas Owen Brown | Case number | 19-80295 |
|---|---|---|---|
| | Tammy Ann Brown | | |

Continental Finance Company
Attn: Bankruptcy
Po Box 8099
Newark, DE 19714

Convergent Oustanding, Inc.
800 SW 38th
PO Box 9004
Renton, WA 98057

Credit First National Association
Attn: Bankruptcy
Po Box 81315
Cleveland, OH 44181

Credit Management Services
c/o Drew Graham
PO Box 1512
Grand Island, NE 68802

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193

DCI Credit Services
1409 W Villard
Drawer 1347
Dickinson, ND 58602

Dept of Ed / 582 / Nelnet
Attn: Claims
Po Box 82505
Lincoln, NE 68501

Douglas County Attorney
428 Hall Of Justice
Omaha, NE 68183

Douglas County Treasurer
909 Civic Center
1819 Farnam Street
Omaha, NE 68183

Dynamic Recovery Solutions
P O Box 25759
Greenville, SC 29616

ERC/Enhanced Recovery Corp
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256

EZ Money
4654 Dodge St.
Omaha, NE 68132

FedLoan Servicing
Attn: Bankruptcy
Po Box 69184
Harrisburg, PA 17106

Financial Recovery Servcies Inc
PO Box 385908
Minneapolis, MN 55438-5908

Fingerhut
Attn: Bankruptcy
Po Box 1250
Saint Cloud, MN 56395

Fingerhut
Attn: Bankruptcy
6250 Ridgewood Rd
Saint Cloud, MN 56303

First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117

GC Services Limited Partnership
6330 Gulfton
Houston, TX 77081

GC Services Limited Partnership
PO Box 329250
Columbus, OH 43232

General Service Bureau
PO Box 641579
Omaha, NE 68164

Genesis Bc/celtic Bank
Attn: Bankruptcy
268 South State Street Ste 300
Salt Lake City, UT 84111

H R Block
PO Box 677463
Dallas, TX 75267-7463

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Jefferson Capital Systems
16 McLeland Rd
Saint Cloud, MN 56303

Jefferson Capital Systems, LLC
Po Box 1999
Saint Cloud, MN 56302

Jennifer Feigel
1513 Fruitland Dr
Chattanooga, TN 37412

Kohls/Capital One
Kohls Credit
Po Box 3120
Milwaukee, WI 53201

| Debtor | Thomas Owen Brown<br>Tammy Ann Brown | Case number | 19-80295 |
|---|---|---|---|

LVNV Funding/Resurgent Capital  
Attn: Bankruptcy  
Po Box 10497  
Greenville, SC 29603

Macayla Budin  
3715 Harrison #221  
Bellevue, NE 68147

Mercury/FBT  
Attn: Bankruptcy  
Po Box 84064  
Columbus, GA 31908

Messerli  Kramer c/o Katie Figgins  
3033 Campus Dr Ste 250  
Minneapolis, MN 55441-2662

MidAmerica Bank  Trust Company  
Attn: Bankruptcy  
216 West Second St  
Dixon, MO 65459

Midland Credit  
2365 Northside Dr, Ste 300  
San Diego, CA 92108

Midland Credit Management  
PO Box 2001  
Warren, MI 48090

Midwest Recovery Systems  
Attn: Bankruptcy  
Po Box 899  
Florissant, MO 63032

National Account Syste  
Attn: Bankruptcy Department  
1724 N. 120th St.  
Omaha, NE 68145

National Account Systems  
PO Box 45767  
Omaha, NE 68145

Nebraska Department of Health  Human Se  
Attn: Bankruptcy  
Po Box 95026  
Lincoln, NE 68509

Nebraska Department Of Revenue  
Attn: Bankruptcy Unit  
PO Box 94818  
Lincoln, NE 68509-4818

Omaha Children's Clinic  
19102 Q St., Suite 102  
Omaha, NE 68135

Pacific Winds Apartments  
1215 Fawn Parkway Plaza  
Omaha, NE 68144

Paycheck Advance  
10627 Fort St.  
Omaha, NE 68134

Paypal  
PO Box 5138  
Timonium, MD 21094

Pentagon Federal Credit Union  
Attn: Bankruptcy  
Po Box 1432  
Alexandria, VA 22313

Portfolio Recovery  
Po Box 41021  
Norfolk, VA 23541

Red Credit Solutions c/o Ashley Faier  
6910 Pacific Street  
Ste 425  
Omaha, NE 68106

Santander Consumer USA  
Attn: Bankruptcy  
Po Box 961245  
Fort Worth, TX 76161

Sterling Jewelers/Kay Jewelers  
Attn: Bankruptcy  
375 Ghent Rd  
Akron, OH 44333

Synchrony Bank/Care Credit  
Attn:  Bankruptcy Dept  
Po Box 965060  
Orlando, FL 32896

Synchrony Bank/Gap  
Attn:  Bankruptcy Dept  
Po Box 965060  
Orlando, FL 32896

Synchrony Bank/Kirklands  
Attn:  Bankruptcy Dept  
Po Box 965060  
Orlando, FL 32896

Synchrony Bank/Walmart  
Attn:  Bankruptcy  
Po Box 965060  
Orlando, FL 32896

Target  
Attn: Bankruptcy  
Po Box 9475  
Minneapolis, MN 55440

Tennessee Child Support  
Department of Human Services  
400 Deadrick Street  
Nashville, TN 37243

Trident Asset Management  
Attn: Bankruptcy  
Po Box 888424  
Atlanta, GA 30356

Verizon Wireless  
Attn: Verizon Wireless Bankruptcy Admini  
500 Technology Dr, Ste 550  
Weldon Spring, MO 63304

Wells Fargo Dealer Services  
Attn: Bankruptcy  
Po Box 19657  
Irvine, CA 92623